UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL ERVIN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | No. 2:18-cv-167-EFB<br><br><br><br>MEMORANDUM AND ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"); and (2) Supplemental Security Income ("SSI") Title XVI of the Act. The parties have filed cross-motions for summary. ECF Nos. 15 & 16. As discussed below, plaintiff's motion for summary judgment is granted and the Commissioner's motion is denied.

I.  BACKGROUND

On May 15, 2014, plaintiff filed her application for a period of disability and DIB. Administrative Record ("AR") at 174-176. She filed her application for SSI on July 24, 2014. *Id.* at 180-188. Plaintiff's applications were denied initially and upon reconsideration. *Id.* at 119-123, 130-36. On January 31, 2017, a hearing was held before administrative law judge ("ALJ") Jean R. Kerins. *Id.* at 35-65.

1

On April 20, 2017, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id*. at 15-27. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since August 1, 2013, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: benign hypermobility syndrome, eczema, obesity, anxiety disorder, mood disorder and cannabis dependence (20 CFR 404.1520(c) and 416.920(c)).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: she is able to maintain the concentration, persistence and pace for simple repetitive tasks for two hours at a time over an eight-hour day with regular breaks. She could not work in a production-based job; is to avoid concentrated exposure to hazardous heights and machinery; and is restricted from exposure to fumes or gases.

\* \* \*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

\* \* \*

7. The claimant was born [in] 1977 and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

\* \* \*

11. The claimant has not been under a disability as defined in the Social Security Act, from August 1, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

12. The claimant's history of cannabis dependence is not a contributing factor material to the determination of disability (20 CFR 404.1535 and 416.935).

*Id.* at 15-26.

/////

Plaintiff's request for Appeals Council review was denied on November 20, 2017, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-5.

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. ANALYSIS

Plaintiff raises three arguments. First, she argues that the ALJ erred in failing to include limitations for benign hypermobility syndrome, eczema, and obesity in the residual functional capacity finding ("RFC"). Second, she argues that the ALJ erred in weighing the medical evidence with respect to her mental capabilities. Third, she argues that the ALJ erred in discounting: (1) testimony from three lay witnesses; (2) testimony from plaintiff herself; and (3) twenty-five pages of photographs.

/////

/////

For the reasons stated hereafter, the court finds plaintiff's second argument persuasive and will remand for additional proceedings on that basis. It declines to reach the remaining arguments.[2]

Plaintiff contends that the ALJ erred in her evaluation of the psychiatric medical evidence. Specifically, she argues that the ALJ offered insufficient reasons for assigning great weight to the opinion of consultative examiner Dr. Silvia Torrez and for discounting the opinion of treating physician Dr. Stuart Tubis.

Dr. Torrez, after examining plaintiff, assessed: (1) no limitation in following simple or complex/detailed instructions; (2) mild limitation in maintaining adequate pace or persistence; (3) mild-moderate limitation in maintaining adequate attention/concentration and in withstanding the stress of a routine workday; and (4) moderate limitation in adapting to changes, hazards, or stressors in workplace settings. *Id.* at 23-24, 390-398. In assigning Dr. Torrez's opinion great weight, the ALJ noted that Torrez had "program knowledge and her findings are consistent with the longitudinal record." *Id.* at 24.

Dr. Tubis, plaintiff's treating physician, submitted a questionnaire in March of 2017 indicating that plaintiff had, *inter alia*: (1) insomnia; (2) high emotional lability; (3) recurrent panic attacks; (4) suicidal ideation; (5) recollections of a traumatic experience; and (6) generalized anxiety disorder. *Id.* at 478-483. He determined that plaintiff would be absent more than three times a month and had poor ability in nearly all areas of the mental abilities required to do unskilled, semi-skilled, and skilled work. *Id.* The ALJ assigned little weight to Dr. Tubis' opinion after finding it inconsistent with the evidence and plaintiff's reported daily activities and lifestyle. *Id.* at 24. The ALJ also found that Dr. Tubis' questionnaire findings were not supported by his own treatment records. *Id.*

The court notes that plaintiff's construction of this argument contains an implicit and faulty premise. She argues that *both* the reasons for crediting the examining physician *and* the

---

[2] Plaintiff's other arguments, even if wholly credited, would not warrant remand for payment of benefits. Thus, having already concluded that remand for additional proceedings is warranted based on the second argument, there is no need to address them.

5

reasons for discounting the treating physician were inadequate. The separation of these arguments indicates that plaintiff believes that, in order to credit an examining physician *at all*, an ALJ must offer valid reasons. This is incorrect. Rather, an ALJ must offer "specific, legitimate reasons" that are "based on substantial evidence in the record" for resolving a perceived conflict in favor of an examining physician over a treating physician. *See Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987). The distinction might appear pedantic, but is important. This court is not tasked with evaluating Dr. Torrez's qualifications or determining whether her opinion as an examining source met some indicia of *prima facie* validity. The relevant determination is whether the ALJ offered specific and legitimate reasons for crediting Torrez over Tubis. The court concludes the ALJ did not.

As noted *supra*, the ALJ discounted Dr. Tubis' opinion after finding that it was inconsistent with "the evidence and [plaintiff's] reported daily activities and lifestyle and [is] not supported by [his] own treatment records." AR at 24. The ALJ offered no analysis to support the conclusion that Tubis' opinion was inconsistent with the medical evidence.[3] To be sure, the ALJ summarized plaintiff's medical history (*id.* at 22-24), but she never undertook the next step of analyzing how Tubis' assessed limitations were inconsistent with that history. Absent such analysis, this court can only guess as to which parts of plaintiff's medical history the ALJ was referencing. The U.S. Court of Appeals for the Ninth Circuit has held such unsupported conclusions are insufficient:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective

---

[3] In her cross-motion for summary judgment, the Commissioner has offered her own analysis of the record and contends that it supports the ALJ's conclusions. But this court cannot affirm based on analysis which the ALJ did not articulate. *See*, *e.g.*, *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001) (an agency decision cannot be affirmed based on a ground that the agency did not invoke in making its decision); *see also Barbato v. Comm'r of Soc. Sec. Admin.*, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) (remand is appropriate when a decision does not adequately explain how a decision was reached, "[a]nd that is so even if [the Commissioner] can offer proper post hoc explanations for such unexplained conclusions," for "the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council") (citation omitted).

> factors are listed seriatim. The ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct.

*Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988); *see also McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"); *Jones v. Astrue*, 503 F. App'x 516, 517 (9th Cir. 2012) ("However, it is not clear whether, in deeming the opinion 'unsupported by objective findings,' the ALJ considered the treatment notes in the record, and if so, what specifically made them insufficient to support the opinion. . . . Accordingly, the ALJ failed to provide 'specific and legitimate reasons supported by substantial evidence in the record' . . . .") (unpublished).

The ALJ's conclusion that Dr. Tubis' assessed limitations were inconsistent with plaintiff's daily activities is scarcely better supported. To her credit, the ALJ did list various activities that plaintiff engaged in:

> The claimant reported that she cooks, cleans, takes out the trash, and does laundry. She watches television and movies, reads, uses the computer, and listens to music. She goes for walks, grocery shopping and to the park and talks on the telephone.
>
> . . .
>
> She visits her family and friends and they visit her. She cuts and styles her family and friends' hair. She has a boyfriend and they have date nights, go out to eat and to the movies. She reported a handful of friends who she hangs out with, talks to, visits, and goes out to eat with and talks on the phone.

AR at 19-20. She did not, however, carry her burden of analyzing the inconsistency between these activities and Dr. Tubis' findings. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990) (holding that where ALJ found claimant could perform sedentary work and referred to claimant's daily activities, ALJ erred by not stating how the "ability to perform those daily activities translated into the ability to perform appropriate work"); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"); *Blakes v. Barnhart*, 331 F.3d 565, 569

(7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

For the foregoing reasons, the ALJ's determination must be reversed.

A. Remand for Additional Proceedings

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). A court should remand for further administrative proceedings, however, unless it concludes that such proceedings would not serve a useful purpose. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016). The court cannot say that additional proceedings would have no utility in the present case. That the ALJ failed to provide sufficient reasons for discounting the opinion of plaintiff's treating physician in this instance does not compel a finding that she is categorically *unable* do so.

IV. CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 16) is DENIED; and

3. The Clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: March 25, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE